IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRL, a California General Partnership, ROLAND WOMACK, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RUSSELL MOORE, et al.,<br><br>    Defendants. | CIV-S-99-2437 DFL DAD<br><br>MEMORANDUM OF OPINION AND ORDER |

    Plaintiffs are KRL, a California general partnership, and members of the Womack family.  Their principal claim is that defendants Russell Moore, David J. Irey, Todd D. Riebe, and Ron Hall violated the Fourth Amendment during a criminal investigation into the removal and alleged concealment of an underground gasoline storage tank ("UST").  Plaintiffs and defendants now move for reconsideration of the portions of the court's March 3, 2006 order relating to the warrants issued and executed in 1999 on plaintiffs' Ridge Road property.  For the

1

reasons stated below, the court DENIES both parties' motions.

I.

The facts relevant to the 1999 Ridge Road searches are as follows.  In June 1998, defendant Ron Hall ("Hall"), an investigator with the District Attorney's Office, began the DA's investigation into Robert Womack's alleged concealment of the UST.  (Pls.' Additional Facts ("PAF") ¶ 13.)  Shortly afterwards, David Irey ("Irey"), a San Joaquin County deputy DA, began to assist with the investigation.  (Id. ¶ 15.)  Defendant California Highway Patrol Officer Russell Moore ("Moore") joined the investigation team in October 1998.  (Id. ¶ 30.)

On January 11, 1999, Moore submitted an affidavit to obtain a search warrant for Ridge Road.  (Moore Statement of Undisputed Facts ("SUF") ¶ 40.)  Before Moore submitted the affidavit, Irey reviewed it, as did defendant Todd Riebe ("Riebe"), who had been sworn in that very day as the new Amador County District Attorney.  (PAF ¶ 57.)

The warrant authorized seizure of numerous documents dated from January 1, 1995 to the present.  (Moore Mot. Ex. 22.)  The court's March 3, 2006 order reiterates the facts set forth in the Ninth Circuit order and states that Moore and Irey executed the warrant on January 11, 1999.[1]  (3/3/2006 Order at 4.)  However, defendants now point out that the warrant issued on January 11

---

[1] The Ninth Circuit opinion states, "The warrant authorized the seizure of a broad range of documents created since January 1, 1995, and was executed by Moore, Hall, and others beginning on January 11, 1999.  KRL v. Moore, 384 F.3d 1105, 1109 (9th Cir. 2004).

2

was actually executed on the morning of January 13, 1999. (Defs.' Mot. at 3.)  During that search, Moore and Irey discovered additional items that exceeded the scope of the warrant.  (Riebe & Hall ("R&H") SUF ¶ 41.)  Therefore, they interrupted the search and obtained a broader warrant allowing them to seize documents dating back to 1990.  (Moore MSJ Ex. 22.)

In the original complaint, plaintiffs allege that the 1999 Ridge Road warrants were facially invalid and executed beyond their scope.  In 2002, the court denied summary judgment as to Riebe, Hall, and Irey on the facial invalidity claim.  (1/17/2002 Order at 10.)  On the overbroad execution claim, the court denied summary judgment as to Hall, but granted summary judgment as to Irey and Riebe.  (Id. at 8.)

On appeal, the Ninth Circuit held that Riebe, Hall, and Irey were protected by absolute immunity for the 1999 Ridge Road searches to the extent the search sought evidence to support the prosecution of the pending indictment against Womack.  KRL, 384 F.3d at 1112-13.  However, Riebe, Hall, and Irey were not protected by absolute immunity to the extent the searches sought evidence of new crimes.  Id. at 1114.

The Ninth Circuit also held that Riebe was protected by qualified immunity for his role in approving the warrant issued on January 11.  Id. at 1116-17.  However, the court found that Hall did not have qualified immunity because:  (1) in the court's understanding, Hall was the lead investigator; and (2) Hall unreasonably sought to broaden the warrant's scope back to 1990

3

in the January 13 afternoon search.  Id. at 1117.

Thus, remaining before the court on remand were the Fourth Amendment claims against Hall, Irey, and Moore for the 1999 Ridge Road searches to the extent that the searches sought evidence of new offenses.  More specifically, the facial invalidity claim remained as to Hall, Irey, and Moore, and the overbroad execution claim remained as to Hall and Moore.  The court's March 3, 2006 order denied summary judgment as to Hall, Irey, and Moore on the facial invalidity claim and granted summary judgment as to Hall and Moore on the overbroad execution claim.  (3/3/2006 Order at 36.)

II.

A.  Defendants' Motion for Reconsideration

Reconsideration is appropriate if the court:  "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 13, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  "Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs or to ask the Court to simply rethink what it has already thought." United States v. Bond, No. CR 03-0974-PHX-GDC, 2006 WL 544524 at *3 (D.Ariz. March 6, 2006) (citing N.W. Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988)).

4

Defendants ask the court to reconsider and clarify its March 3 ruling because the warrant issued on January 11, 1999 was executed on January 13, rather than January 11 as stated in the order. They claim that, in light of this factual misunderstanding, all three moving defendants are entitled to qualified immunity for the narrower warrant issued on January 11. To hold otherwise would allegedly "impose a higher standard of responsibility on Moore, Irey, and Hall than the Ninth Circuit has imposed on Riebe for performing exactly the same function with respect to [the] same search." (Defs.' Mot. at 5.) However, defendants are merely taking advantage of a minor and irrelevant factual misunderstanding to reiterate an identical argument that the court already rejected on summary judgment.

The language in the March 3, 2006 order makes clear that when the court discusses the "January 11 warrant," it is referring to the narrower of the two 1999 Ridge Road warrants that allowed for seizure of documents dating back to 1995. (See 3/3/2006 Order at 4.) When the court discusses the "January 13 warrant," it clearly intends to refer to the broader warrant that allowed for seizure of documents dating back to 1990. (See id. at 4-5.) To the extent that the March 3, 2006 order mislabeled the warrants, this order shall serve as a correction.

With regard to the narrower Ridge Road warrant, the court found that Hall, Irey, and Moore were not entitled to qualified immunity because a reasonable jury could infer that they were lead investigators for that search. (Id. at 19.) Defendants

5

have presented no new facts to justify reconsideration of this finding.[2] Accordingly, the court denies defendants' motion for reconsideration.

B.  <u>Plaintiffs' Motion for Reconsideration</u>

Plaintiffs seek reconsideration of the section of the March 3, 2006 order granting summary judgment to Moore and Hall on the overbroad execution claim for the 1999 Ridge Road searches. (Pls.' Mot. at 4.)  Regarding Hall, the order states that "plaintiffs fail[ed] to cite any evidence that Hall actually seized documents predating 1990.  At best, the evidence cited by plaintiffs demonstrates that defendants removed a tax return from 1989.  However, that return was dated April 15, 1990, making its

---

[2] Defendants argue in their reply brief that, even if defendants were lead investigators, they still were entitled to qualified immunity for the warrant issued on January 11 if they only took items within the scope of the warrant.  (Defs.' Reply at 3.)  They support this argument by asserting that "the Ninth Circuit held that an official who reviewed the warrant, which would include any lead investigating officer, could have reasonably believed that it showed probable cause to justify seizure of KRL documents back to 1995." (<u>Id.</u>)  However, defendants misread the Ninth Circuit decision.  The Ninth Circuit recognized that the warrant issued on January 11 still lacked probable cause.  <u>KRL</u>, 384 F.3d at 1116.  It only held that Riebe was entitled to qualified immunity because the warrant was not "so lacking in indicia of probable cause as to render official belief in its existence unreasonable." <u>Id.</u>  However, the court specifically distinguished Hall from Riebe on the ground that lead investigators have a greater responsibility to ensure that a warrant is not defective.  <u>Id.</u> at 1117.  While a reviewing official could reasonably believe probable cause existed, an official who was also a lead investigator could not.
    Defendants' argument could be relevant to the overbroad execution claim.  If defendants only seized documents dating back to 1995 when executing the warrant issued on January 11, they would not be liable for overbroad execution.  However, the court has already granted summary judgment in favor of defendants Irey, Hall and Moore on that claim.

6

seizure valid under the terms of the warrant." (3/3/2006 Order at 22-23.) Because plaintiffs cited the same evidence for Moore as they did for Hall, the court also granted Moore's motion for summary judgment on the overbroad execution claim. (<u>Id.</u> at 23.)

Plaintiffs now assert that "the [c]ourt did not consider material facts and evidence that [p]laintiffs presented to the [c]ourt in their [o]pposition papers to Moore and Hall's summary judgment motions on this issue." (Pls.' Mot. at 4.) Specifically, they cite to Robert Womack's declaration and the Return to Search Warrant that lists the items seized during the search. (<u>Id.</u> at 5-6.) Plaintiffs also claim that the court ignored the fact that their overbroad execution claim is based upon Moore and Hall's illegal seizure of the Womack's firearms and mail. (<u>Id.</u> at 7-8.) As discussed below, plaintiffs assertions are without merit.

    1. <u>Womack's Declaration and the Return to Search Warrant</u>

Robert Womack's declaration stated that "KRL Partnership financial and tax records were maintained at KRL's office at Ridge Road. Those records covered the time period from approximately 1989 to October 1998, for all of the financial transactions, income and expenses of the KRL Partnership." (Womack Decl. ¶ 4.) Womack also stated that "[d]uring the searches conducted by [d]efendants of the Ridge Road property . . . [d]efendants removed . . . almost all of the originals of the KRL Partnership's financial and tax records in plaintiffs' possession." (<u>Id.</u> ¶ 5.)

7

In addition, plaintiffs point out that the Return to Search Warrant listing the items seized from Ridge Road, cites "Tax Returns for '1989' – Extensions dated 4-15-90." (Moyer Decl. Ex. 2.) It also itemizes other seized documents, such as miscellaneous papers and bills, but does not note the date of those documents. (Id.)

This evidence does not create a disputed issue of material fact. Womack's statement that documents from "approximately 1989" were seized apparently refers to the 1989 tax return. However, a tax return for the calendar year 1989 could not have been dated prior to 1990. Even if, for some reason, the tax return was completed and filed prematurely, the officers would be entitled to qualified immunity on this particular issue because a reasonable officer could have concluded that a tax return for one calendar year is actually prepared and filed by April 15 of the following year.

Womack's additional statement that undated documents were seized also does not present a factual dispute. The mere fact that the documents were undated does not demonstrate that the documents predated 1990. Plaintiffs argue for the first time in their reply brief that defendants had a duty to identify the dates in the Return to Search Warrant. (Pls.' Reply at 3; see also Pls.' Corrected Opp'n to Moore's MSJ at 25-26; Pls.' Corrected Opp'n to R&H's MSJ at 24-27.) Plaintiffs assert that a jury could reasonably infer that defendants failed to list the dates deliberately because the documents exceeded the scope of

8

the warrant. (Pls.' Reply at 3.) Because plaintiffs allegedly engaged in wrongdoing, plaintiffs cite inapplicable California law to assert that the burden of proof then shifted to defendants to prove the documents did not predate 1990. (Id. (citing Galanek v. Wismar, 68 Cal.App.4th 1417, 1426 (1999)))

Leaving aside the weaknesses in plaintiffs' reasoning, plaintiffs' argument fails because it was not raised in their original briefs. N.W. Acceptance Corp., 841 F.2d at 925-26.[3] Accordingly, the court denies plaintiffs' motion for reconsideration to the extent they rely on this new argument.

2. Seizure of Firearms and Mail

Plaintiffs also claim that the court ignored the fact that their overbroad execution claim is also based upon Moore and Hall's alleged illegal seizure of the Womack's firearms and mail. (Pls.' Mot. at 7-8.) There are several reasons why this argument fails.

First, plaintiffs did not properly raise these issues when opposing defendants' summary judgment motions. Plaintiffs alleged in the fact section of their oppositions that "the executing officers also knowingly seized other property that was outside the scope of the warrant such as numerous hunting rifles and the Womacks' mail including correspondence from the Womacks' attorney which was never returned." (Opp'n to R&H MSJ at 11, Opp'n to Moore MSJ at 11.) However, plaintiffs failed to address

---

[3] When attacking defendants opposition, plaintiffs noted that arguments cannot be raised for the first time on a motion for reconsideration. (See Pls.' Reply at 4.)

these allegations in their legal analysis.  Plaintiffs only addressed Hall and Moore's alleged seizure of documents predating 1990 and claimed that there was evidence to prove that defendants seized pre-1990 documents, thus justifying the overbroad execution claim.  (Opp'n to R&H Mot. at 24-27; Opp'n to Moore MSJ at 25-26.)  Plaintiffs did not argue that defendants were also liable for overbroad execution because they seized weapons and correspondence.  It is not the court's job to create legal arguments for the plaintiffs based on facts raised only in plaintiffs' statement of facts.

Second, the court already disposed of the firearms issue as to Hall, Riebe, and Irey in its January 15, 2002 order.  The order stated, "Hall, Riebe, and Irey are all entitled to summary judgment on plaintiffs' fourth amendment claim based on the illegal seizure of firearms at Ridge Road.  Plaintiffs have not demonstrated that Riebe and Irey participated in the firearms' seizure and failed to respond to Hall's argument that the seizure was authorized by Cal. Penal Code § 12021."  (1/15/2002 Order at 17.)  Plaintiffs still have not addressed the authority of section 12021, and they have presented no reason why the court should reconsider its prior ruling.

For these reasons, the court denies plaintiffs' motion for reconsideration on this issue.

///

///

///

10

III.

For the reasons stated above, the court DENIES both defendants' and plaintiffs' motions for reconsideration.

IT IS SO ORDERED.

Dated: 6/26/2006

                                  _____
                                  DAVID F. LEVI
                                  United States District Judge