IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRL, a California General Partnership, ROLAND WOMACK, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RUSSELL MOORE, et al.,<br><br>    Defendants. | CIV-S-99-2437 DFL DAD<br><br>MEMORANDUM OF OPINION AND ORDER |

On July 6, 2006, defendants filed an appeal of the court's March 3, 2006 order denying their motions for summary judgment based on qualified immunity and the court's June 28, 2006 order denying their motion to reconsider. They now move to stay this action. For the reasons stated below, the motion is GRANTED.

When an "interlocutory claim is immediately appealable, its filing divests the district court of jurisdiction to proceed with trial." Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992). A district court's order denying summary judgment of a qualified

1

immunity defense is immediately appealable when the question involves a matter of law. <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 530 (1985). However, trial may proceed if the district court finds and certifies in writing that defendants' claim is frivolous. <u>Chuman</u>, 960 F.2d at 105.

Defendants' appeal argues that the court erred in denying them qualified immunity for the January 11 warrant on the basis of their potential status as lead investigators. (Application for Stay at 7.) Defendants assert that there is not a "different, higher, objective standard of reasonableness for a lead investigator reviewing a warrant for probable cause than for the District Attorney performing the same function." (<u>Id.</u>) This is a question of law, appealable under <u>Mitchell</u>.

Plaintiffs argue that trial should nevertheless proceed because this claim is frivolous. Although the court has agreed with plaintiffs that the Ninth Circuit opinion, fairly read, finds that defendants are not entitled to qualified immunity as to the January 11 warrant, the opinion is not crystal clear in the critical portion that addresses this issue. The opinion states that, if Hall was the lead investigator, he "would have greater responsibility for ensuring that the warrant was not defective." <u>KRL v. Moore</u>, 384 F.3d 1110, 1117 (9th Cir. 2004). However, the court did not expressly indicate whether it was referring to both warrants executed on January 13, or only the supplemental, and more questionable, warrant that extended the search to 1990. For the reasons explained in greater length in

1  previous rulings, the court understands the Ninth Circuit opinion
2  as imposing a higher standard on Hall and other lead
3  investigators for both warrants.  Had the Court of Appeals found
4  that Hall was entitled to qualified immunity for the January 11
5  warrant, it would have said so.  Nonetheless, it is possible that
6  the Court of Appeals may have treated the searches as a single
7  event, perhaps overlooking the distinction between the two
8  warrants.  While this seems unlikely, the court is not prepared
9  to find that the defendants' argument is frivolous.[1]

   Because defendants' qualified immunity claim is appealable
and not frivolous, the court stays this action pending resolution

---

[1] Candor requires that the court acknowledge two further considerations that have affected its view of whether a stay should issue.  First, the decision of the Ninth Circuit seems to create a distinction, in civil liability actions, between the District Attorney who approved the warrant and the lead investigators who prepared it.  When the sole question is whether there are sufficient facts in the affidavit to support probable cause, this distinction seems problematic.  The lead investigator concept seems most valuable when the comparison is between the investigator who is in charge of an investigation and the many law enforcement support personnel who assist at searches in defined roles and who are not otherwise part of the overall investigation.  Of course, where the issue is not facial validity but, for example, whether the affiant withheld material information, a distinction might properly be drawn between the investigator and the reviewing prosecutor.  Second, the opinion of the Ninth Circuit found that it was error for the district court to defer ruling on Moore's motion on the judicial deception claim even though Moore had been unavailable for deposition.  Whether or not a plaintiff is entitled to discovery to develop facts in support of a claim, or whether plaintiff should be confined to the knowledge that the plaintiff has upon filing the complaint, poses a question of case management made more difficult when an immunity defense is available.  The approach taken by the Court of Appeals seems to suggest a commitment to resolving as many immunity issues as possible on interlocutory appeal.  The district court will welcome the further guidance prior to trying the case.

of the appeal.

    IT IS SO ORDERED.


Dated: July 26, 2006

                                            /s/ David F. Levi
                                            DAVID F. LEVI
                                            United States District Judge